UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>INOFIN, INC., MICHAEL J. CUOMO, KEVIN J. MANN, SR., MELISSA GEORGE,THOMAS KEVIN KEOUGH AND DAVID AFFELDT,<br><br>  Defendants,<br><br>NANCY AYERS KEOUGH,<br><br>  Relief Defendant. | Civil Action No. 1:11-cv-10633 |

**MEMORANDUM OF LAW OF RELIEF DEFENDANT
NANCY AYERS KEOUGH
IN OPPOSITION TO PLAINTIFF'S  MOTION FOR SUMMARY JUDGMENT**

Relief Defendant Nancy Ayers Keough ("Nancy Keough or Relief Defendant") hereby submits this Memorandum of Law in opposition to Plaintiff Securities and Exchange Commission's ("SEC's") Motion for Summary Judgment.  As set forth below, Plaintiff SEC has failed to show that there is no genuine dispute as to any material fact, and that the SEC is entitled to summary judgment as a matter of law. Fed.R.Civ. P. 56(a); *In re Smith & Wesson Holding Corp.,* 669 F.3d 68,73 (1st Cir. 2012). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" when it has the "potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado,* 990 F.2d 701, 703 (1st Cir. 1993). In the case before this court, Nancy Keough is named only as a relief defendant concerning funds that she received from Inofin, Inc. from 2004 through 2009.  The SEC fails to meet its burden and

offers *no* evidence in support of two of the essential elements necessary for the SEC to establish in order to be awarded summary judgment: that Nancy Keough both received ill-gotten gains and that she is not entitled to retain the funds she received from Inofin, Inc. *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir.1998). Therefore, there remain genuine issues of material fact for the jury to determine at trial based upon the actual evidentiary record bearing upon both of these pivotal and decisive elements, and the SEC's instant Motion to summarily dispose of this case in lieu of having it properly decided by the trier of fact must be denied.

## ARGUMENT

In support of its current Motion, the SEC has gone to great lengths to merely show a fact that has never been in dispute and that the parties have all known and acknowledged from the inception of this case approximately two and a half years ago prior to any discovery: that Nancy Keough received funds from Inofin, Inc. ("Inofin"). As discussed below, to establish that Nancy Keough is a proper relief defendant subject to summary judgment seeking disgorgement of said funds, however, the SEC must show more than just her mere receipt of those funds. It is well-established that a relief defendant is not accused of wrongdoing, but a federal court *may* order equitable relief against such a person in limited circumstances *only* where that person (1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds. *SEC v. George,* 426 F.3d 786, 798 (6th Cir. 2005) (citations omitted). *see also SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) ("[T]he creditor plaintiff must show that the nominal defendant has received ill gotten funds *and* that he does not have a legitimate claim to those funds."); *SEC v. Cherif*, 933 F.2d 403, 414 n.11 (7th Cir. 1991) ("A court can obtain equitable relief from a non-party against whom no wrongdoing is alleged if it is established that the non-party possesses illegally obtained profits but has no legitimate claim to them."); *SEC v. Smith*, 653 F.3d 121, 128 (2d Cir. 2011) (applying *Cavanagh*). Here, the SEC

has failed to demonstrate either of these elements necessary to warrant such equitable relief against Nancy Keough.

A relief defendant, sometimes referred to as a "nominal defendant," has no ownership interest in the property that is the subject of litigation but may be joined in the lawsuit to aid the recovery of relief. *SEC v. Cavanaugh*, 445 F.3d 105, 109 n.7 (2d Cir. 2006). The court in *CFTC v. Kimberlynn Creek Ranch, Inc.,* 276 F.3d 187 (4th Cir. 2002), discussed the theory behind this "obscure common law concept":

> A 'nominal defendant' is a person who can be joined to aid the recovery of relief without an [additional] assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation. Because a nominal defendant has no ownership interest in the funds at issue, once the district court has acquired subject matter jurisdiction over the litigation regarding the conduct that produced the funds, it is not necessary for the court to separately obtain subject matter jurisdiction over the claim to the funds held by the nominal defendant; rather, the nominal defendant is joined purely as a means of facilitating collection. In short, a nominal defendant is part of a suit only as the holder of assets that must be recovered in order to afford complete relief; no cause of action is asserted against a nominal defendant.

*Kimberlynn Ranch Creek*, 276 F.3d at 191-92 (internal citations and quotations omitted).

Whether simply crediting the allegations in the Complaint or bolstering them with exhibits in support of the pending summary judgment motion, the SEC has shown that Nancy Keough received funds from Inofin. However, that the SEC has failed to establish either (a) that Nancy Keough received so-called "ill-gotten gains" or (b) that she lacks an ownership interest or legitimate claim in the funds she received from Inofin. Accordingly, Nancy Keough is not a

proper relief defendant and is certainly not subject to summary judgment in the absence of the SEC's showing of evidence on both of these requisite elements.

First, the SEC fails to establish that the funds Nancy Keough received from Inofin were necessarily ill-gotten gains. At the outset, it is the SEC's burden to show that the above-referenced test is met. *See, e.g, Colello*, 139 F.3d at 677. *See also, FTC v Bronson Partners, LLC*, 674 F. Supp. 2d 373, 392 (D. Conn. 2008). Here, the SEC – at most – establishes that Nancy Keough received funds from Inofin, and that the amount of those funds was based upon amounts that certain investors that were introduced to Inofin by their tax attorney/tax preparer, David Affeldt, invested from time to time Inofin promissory notes. The SEC fails, however, to rebut in any manner that the payments received by Nancy Keough were not paid (as the Keoughs have maintained and have testified to in depositions and affidavits throughout this case) purely as a result of, and in recognition of, a legitimate and valuable service performed by Kevin Keough in 2002, namely, the initial introduction of David Affeldt to Inofin President Michael Cuomo. Indeed, the SEC has admitted (in its 4/8/13 Memorandum in Opposition to Defendant Kevin Keough's Motion For Summary Judgment at page 12), among other things, that: *"[t]here is a material issue of fact concerning the Keoughs' claim that their only connection to David Affeldt concerning Inofin was the fact that Kevin Keough initially introduced Affeldt to the company in 2002."* The SEC adds nothing in its own summary judgment papers to take that key issue out of dispute. In this regard, the mere fact that the SEC calls the payments to Nancy Keough commissions is not in itself conclusive of whether they were truly ill-gotten gains, or rather, constituted lawful payment for legitimate services rendered 2 years prior to any sales of Inofin promissory notes at issue *and* any payments made by Inofin to Mrs. Keough. Summary judgment is not appropriate because there remains a material question of fact in dispute as to whether the payments

to Mrs. Keough were for lawful services performed and not so-called "ill-gotten gains". *See, e.g.,CFTC v. Hanover Trading,* 34 F. Supp. 2d 203, 207 (S.D.N.Y. 1999). Moreover, there also remains a genuine issue of material fact as to whether the investments made in Inofin by clients of Mr. Affeldt did not require registration based upon the private transaction exemption afforded under Section 4(a)(2) of the Securities Act of 1933 in connection with "transactions by an issuer not involving a public offering". The record is replete with evidence that all of the sales of Inofin notes emanating from introductions to Inofin by Mr. Affeldt were private transactions made by established accredited investor an/or sophisticated tax clients of Mr. Affeldt discussed in private communications during regularly sceduled tax review meetings, and not the result of any public solicitations or advertising, and that all such clients were provided with disclosure statements directly from Inofin to the investor only upon private request. If the investments made by established clients of Mr. Affeldt qualify as exempt from registration under the Section 4(a)(2) private transaction exemption (another unresolved and disputed factual issue), then monies paid to any parties based upon such investments (as commissions, for prior services, or for whatever othe reason they were paid) cannot be tied to the unlawful sale of unregistered securities.

     Secondly, the SEC fails to establish that Nancy Keough lacks an ownership interest or legitimate claim in the funds she received from Inofin.  The case law only requires an "ownership interest" or "legitimate claim" in the funds to preclude an entity from being a proper relief defendant. *Cherif,* 933 F.2d at 414; *Kimberlynn Ranch Creek,* 276 F.3d at 191; *George,* 426 F.3d at 798.   As set forth above, there is no evidence on record (and the SEC fails to supply any in its supporting summary judgment papers) to show why or how Nancy Keough does not have any ownership interest or legitimate claim to the funds she received from Inofin.The SEC merely provides mathematical calculations showing how the amounts were computed. The SEC fails to translate, however, how the methods of calculating the amounts paid to Nancy Keough serve to conclusively determine the disputed issues of whether she has an ownership interest or

legitmate claim to the funds she received. In truth, the record reflects nothing more than a myriad of disputed facts as to whether or not her husband, Defendant Thomas Kevin Keough, can be held liable for the sale of unregistered securities. *See* SEC's Memorandum dated April 8, 2013 in Opposition to Defendant Kevin Keough's Motion For Summary Judgment at pages 11-16 (setting forth numerous genuine issues of material facts remaining unresolved and in dispute). While the SEC contends that Nancy Keough (as a relief defendant) has no entitlement or ownership interest in funds received from Inofin from salesfor which it alleges Mr. Keough is liable as a substantial participant, the SEC has failed to establish that Mr. Keough (a named defendant) is in fact liable.

Not everyone in the chain of intermediaries between a seller of securities and the ultimate buyer is sufficiently involved in the process to make him culpable for an unlawful distribution. *Geiger v. S.E.C.,* 363 F. 3d 481, 487 (D.C. Cir. 2004) Rather, liability for sales of unregistered securities extends only to those "engaged in steps necessary to the distribution of [unregistered] security issues." *S.E.C. v. Chinese Consol. Benev. Ass'n Inc., 120 F. 2d 738, 741 (2d Cir. 1941).* Liability must be predicated upon substantial participation, and not *de minimis* activity. *S.E.C. v. Murphy, 626 F. 2d 633-650-52 (9th Cir. 1980).* The applicable "necessary participant test" asks whether, but for the defendant's participation, the sale transaction would have taken place, in other words whether the defendants' acts were "a substantial factor in the sales transaction." *Murphy, 626 F. 2d at 651-52.*

In the present case, there is no evidence on record that Kevin Keough was a necessary participant in sales of Inofin, Inc. To the contrary, there is no factual basis from which a finder of fact could find any genuine sales activities in connection with, or participation in sales of, Inofin, Inc. notes by Mr. Keough. In addition to the mathematical calculations that the SEC supplies in its instant Motion, the most that the SEC can establish based upon the evidentiary record is (a) that Mr. Keough was a longtime personal friend of Michael Cuomo (President of Inofin, Inc.); (b) that Mr. Keough was a longtime personal friend

and client of David Affeldt, and that Mr. Affeldt was a client of Mr. Keough; (c) that Mr. Affeldt was initially introduced to Inofin, Inc. during a conversation in 2002; and (d) that Mr. Cuomo paid Nancy Keough from Inofin from 2004 to 2009 for investors that were introduced to Inofin by Mr. Affeldt (who was merely introduced to Inofin by Kevin Keough 2 years prior to any payments made to Nancy Keough that the SEC is alleging to be at issue). In addition, as discussed above, there also remains a genuine issue of material fact as to whether or not the investments by Mr. Affeldt's established clients in Inofin (the basis for the SEC's calculations) were exempt from registration pursuant to the private transaction exemption recognized under Section 4(a)(2) of the Securities Act of 1933.

## CONCLUSION

For the reasons set forth above, Plaintiff SEC's Motion for Summary Judgment should be denied.

Dated: October 18, 2013

/s/ Lynda Carey Paris
Lynda Carey Paris (BBO# 651108)
Law Office of Lynda Carey Paris
14 Lilac Lane
Sandown, NH 03873
Tel: 603-974-0113
lparis@lcplawoffice.com
***Counsel for Thomas Kevin Keough and Nancy Keough***

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed to those indicated as non registered participants on October 18, 2013.

/s/ Lynda Carey Paris
Lynda Carey Paris